Form No. 3 (Pg. 1)

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

**PLAINTIFFS**

ARTEMIO PEREZ NEGRON

**DEFENDANTS**

BANCO POPULAR DE PUERTO RICO;

POPULAR FINANCE;

JOHN DOE & RICHARD ROE;

INSURANCE COMPANIES X, Y AND/OR Z

ATTORNEYS (Firm Name, Address, and Telephone No.)
MARILYN VALDES ORTEGA, ESQ.
P.O.Box 195596
San Juan, P.R. 00919-5596
Tel: 758-4400

ATTORNEYS (if Known)

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for violation of the automatic stay
11 U.S.C. §362 and Rule 7001 FRBP.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 434 To obtain an injunction or other equitable relief

☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☒ 498 Other (specify)
To recover damages arising from willful violation of the automatic stay

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 75,000.00 | OTHER RELIEF SOUGHT<br>Attorney's fees | | ☐ JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>ARTEMIO PEREZ NEGRON | BANKRUPTCY CASE NO.<br>09-01452 SEK |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE<br>HON. SARA DE JESUS |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>N/A | DEFENDANT<br>N/A | ADVERSARY PROCEEDING **NO.**<br>N/A |
|---|---|---|

| DISTRICT<br>N/A | DIVISIONAL OFFICE<br>N/A | NAME OF JUDGE<br>N/A | |
|---|---|---|---|

| FILING FEE | (Check one box only.) ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>06/05/2009 | PRINT NAME<br>MARYLIN VALDES ORTEGA | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>ARTEMIO PEREZ NEGRON<br>Debtor<br>ARTEMIO PEREZ NEGRON<br>Plaintiff<br><br>vs.<br><br>BANCO POPULAR DE PUERT RICO;<br>POPULAR FINANCE;   JOHN DOE &<br>RICHARD ROE; INSURANCE<br>COMPANIES X, Y AND/OR Z<br>Defendants<br><br>JOSE R. CARRION MORALES<br>Trustee | CASE NUMBER: 09-01452 SEK<br><br>CHAPTER 13<br><br><br>ADVERSARY NO. 09-<br><br>WILLFUL VIOLATION OF THE<br>AUTOMATIC STAY |

**COMPLAINT**

TO THE HONORABLE COURT:

Comes now Artemio Pérez Negrón, debtor and plaintiff in this case,  through the undersigned counsel and respectfully avers and prays:

**I. JURISDICTION AND VENUE**

This is a complaint for violation of the automatic stay, and is a core proceeding under 11 U.S.C. §362 and  Rule 7001 FRBP.

Jurisdiction is invoked under 28 U.S.C. §157(a)(b)(1) and §1334 since it arises in a case under the Bankruptcy Code and concerns property of the debtor of the kind specified in §541(a)(2).

Venue is proper in this Court under 28 U.S.C. §1408 and §1409, inasmuch as all the acts and events giving rise to the cause of action herein prosecuted took place within the district of Puerto Rico.

## II. **PARTIES**

1. Plaintiff Artemio Pérez Negrón (hereinafter "Debtor", "Plaintiff" or "Debtor-Plaintiff"), is the debtor in a Chapter 13 case filed before this Court, captioned as case number 09-01452 SEK, with standing to appear as Plaintiff.

2. Defendant Banco Popular de Puerto Rico (hereinafter "Banco Popular", "BPPR", or "Defendant", is a corporation authorized to do business in Puerto Rico that appears listed as an unsecured creditor in Plaintiff's Bankruptcy case, who willfully engaged in acts proscribed by the automatic stay, being therefore responsible for the actions, and liable for the damages alleged in this complaint.

3. Co-defendant Popular Finance, is a subsidiary or an "alter ego" of defendant Banco Popular, that also appears listed as an unsecured creditor in Plaintiff's bankruptcy case, who willfully engaged in acts proscribed by the automatic stay, being therefore responsible for the actions, and liable for the damages alleged in this complaint.

4. Co-defendants John Doe and Richard Roe, are fictitious names for unknown persons and/or unknown entities that participated in acts against Plaintiff in violation of 11 USC §362, and are therefore jointly liable with the other defendants for the damages and acts alleged in this complaint.

5. Co-defendants Insurance Companies, X, Y, and or Z, hereinafter "Insurance Companies" are the insurance companies for the defendants in this adversary proceeding, and are therefore jointly liable for the damages and acts by these defendants alleged in this complaint.

6. José R. Carrión Morales is the trustee assigned by the Court to administer the Bankruptcy Estate in plaintiff's Ch.13 case.

## III. __FACTS AND ALLEGATIONS__

6. On February 27, 2009, Plaintiff filed a voluntary petition for bankruptcy relief under Chapter 13 before this Court, captioned as case number 09-01452 SEK.

7. Schedule "F" filed by Plaintiff along with the bankruptcy petition lists Banco Popular as the holder of an unsecured claim against the estate in the amount of $1,353.39 under account number XXX-XX-8223.

8. Defendant Popular Finance was also listed in Schedule "F" by Plaintiff as the holder of an unsecured claim against the estate in the amount of $4.335.35.

10. At the time when the petition was filed, Plaintiff gave notice of the filing to all creditors, who were informed that all actions or proceedings to enforce any claim or to levy on property of Plaintiff subsequent to the filing of the aforesaid petition were precluded by law.

11. On March 2, 2009, the Clerk of the US Bankruptcy Court issued a Notice of Chapter 13 Case, Meeting of Creditors & Deadlines, where notice was given that an order for relief under Ch. 13 was entered on February 27, 2009, upon filing of a petition for bankruptcy by Artemio Pérez Negrón. (D.E.#6).

12. On March 4, 2009, the Clerk served a copy of the above referenced notice to all creditors as per the master list submitted by Plaintiff upon filing of the bankruptcy case. (D.E. #8).

13. The notice mailed by the Clerk's Office of the Bankruptcy Court invariably includes the following warning to all creditors:

*"CREDITORS MAY NOT TAKE CERTAIN ACTIONS: In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case".*

14. Plaintiff avers that all these documents were served on Banco Popular and Popular Finance, and received by these defendants along with all other documents filed in this case.

15. That Banco Popular received timely and adequate notice of the bankruptcy filing by plaintiff is manifest from the fact that on March 11, 2009, less than two weeks after the bankruptcy filing by Plaintiff, such defendant filed two proofs of claim in the ongoing bankruptcy case by plaintiff, corresponding tot he two unsecured claims listed by Plaintiff for BPPR and Popular Finance in the bankruptcy schedules. These claims appear docketed as claims #1 and #2, respectively.

16. Banco Popular is a sophisticated creditor with a bankruptcy division populated by learned and competent personnel with established expertise in bankruptcy matters, that actively intervenes in bankruptcy proceedings.

17. Notwithstanding the fact that Banco Popular, its employees, agents, representatives, legal or otherwise, and /or contractors knew of the filing of the bankruptcy petition, and having been

informed that they were stayed by law form proceeding further with levying upon Plaintiff's property, and /or property of the estate, this Defendant continued to make collection efforts against Plaintiff in reckless disregard of the automatic stay order issued by the Court.

18.  On February 27, 2009, debtors spouse tried to get money from her account and she was devastated of learning that there was a debit by BPPR from her account in the amount of $98.00 dollars, she inmediatly told her husband who became despaerate because he did not have the money to pay his utility billand decided to visit the Rio Piedras branch right next to "Plaza del Mercado"and spoke with Lisandra Rodriguez explained about the bankruptcy he had filed and the debit made on February 25th, 2009.  She told debtor that she was sorry but there was nothing she could do.

19.  The next day on February 28, 2009, Plaintiff visited de Corozal Branch of Banco Popular to request dthe credit of the debited amount and that no further deductions be made from his checking account with BPPR for payment of any of the two loans by plaintiff with Defendant, in view of the fact that he had filed for bankruptcy and provided them with the documents 'stay '. Plaintiff was then and there informed by an officer for Defendant by the name of "Milagros Perez" that he was simply misinformed, since Defendant was entitled to make such deductions from debtor's checking account until a notation was made in their computer network as to the bankruptcy filing by Plaintiff.

20.  Consistent with this misguided policy, on March 3, 2009, just 3 days after Plaintiff gave personal notice to Defendant of the bankruptcy filing, BPPR deducted the amount of $397.00 from Plaintiff's Checking Account #454068678 with BPPR, for payment of the pre-petition unsecured claims held by this creditor against the bankruptcy estate. (EXHIBIT "A").

21.  Upon becoming aware of this situation, plaintiff's spouse again made a claim for reimbursement of the amounts improperly deducted by Defendant before the Corozal Branch of

BPPR,    where she was met with sheer indifference, and informed by the above mentioned

officer/secretary by the name of " Milagros Perez" that nothing could be done in that regard and

because it was the banks right, they would continue with the debits.  Debtor was force to go to

ffamily members and ask for money in order to meet his family's needs.

22.    Thereafter on March 12, 2009,  Plaintiff received a Payment Book from Defendant

for payment of the loan  with the account number ending in 0002, for which proof of claim #2-1 ahd

been filed earlier on March 11, 2009, showing debtor that he was going to pay regardless of his

bankruptcy petition, causing problems with the econommical stability sought by him for his family

and creating family problems.

23.    All these actions have subjected Plaintiff to undue hardship and distress.  As a result

of the deduction made on March 3, 2009,   debtor  was left with insufficient funds to pay the

electricity bill for that month, along with other basic expenditures,   forcing  him to resort to family

help to cope with the situation.

## IV. CIVIL CONTEMPT AND 11 USC §362 VIOLATION

24.  Plaintiff re-alleges each and every preceding allegation as if fully set herein against all

co-defendants.

25.  Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> *a) Except as provided in subsection (b) of this section,*
> *a petition filed under section 301, 302 or 303 of this title, or an*
> *application filed under section 5(a)(3) of the Securities Investor*
> *Protection Act of 1970, operates as a stay, applicable to all entities,*
> *of—*
> *(1) the commencement or continuation, including the*
> *issuance or employment of process, of a judicial, administrative, or*
> *other action or proceeding against the debtor that was or could*
> *have been commenced before the commencement of the case under*
> *this title, or to recover a claim against the debtor that arose before*
> *the commencement of the case under this title;*
> *(2).........................................*

> *(3).......................................*
> *(4).......................................*
> *(5).......................................*
> *(6) any act to collect, assess, or recover a claim*
> **against the debtor that arose before the commencement of the case**
> **under this title.**

26. The filing of a bankruptcy petition operates as a stay of "any act to collect, assess, or to recover a claim against the debtor that arose before the commencement of the case . . ." 11 U.S.C. §§ 362 (a)(6). "Courts . . . have consistently extended the scope of the automatic stay to prohibit transactions in which a creditor received a post-petition automatic loan payment to pay a pre-petition debt." *O'Neal v. Beneficial of Tennessee, Inc. (In re O'Neal)*, 165 B.R. 859, 862 (Bankr. M.D. Tenn. 1994). See *In re Hellums*, 772 F.2d 379 (7th Cir. 1985); *Houseworth v. Three Rivers Fed. Credit Union (In re Houseworth)*, 177 B.R. 557 (Bankr. [*9] N.D. Ohio 1994); *In re Brooks*, 132 B.R. 29 (Bankr. W.D. Mo. 1991); *In re Holland*, 21 B.R. 681 (Bankr. N.D. Ind. 1982).

27. In the case at bar, Defendants Banco Popular de Puerto Rico and/or Popular Finance have been making collection efforts against Plaintiff, in order to compel payment of a claim that arose before the bankruptcy filing, at a time when it had knowledge that an automatic stay against such actions was in effect.

28. By making such collection efforts, Defendants acted willfully and in reckless disregard, and contempt of the Automatic Stay Order issued by this Court.

29. Such actions therefore entail a willful and egregious violation of the automatic stay set forth by the Bankruptcy Code.

30. As a result of the actions perpetrated by Banco Popular and/or Popular Finance, plaintiff is entitled to compensatory damages in the amount of $55,000.00 for the disruption of debtor's rehabilitation efforts.

31.    Defendants' intentional and deliberate actions are in reckless disregard of   the Automatic Stay  Order issued by  this Honorable Court, for which punitive damages in an amount no less than $45,000.00 should be awarded to plaintiff.

32.  All named Defendants are jointly and severally liable to Plaintiff herein.

33.  It has been necessary for Plaintiff to retain Counsel to prosecute the cause of action that arises from the acts alleged in the complaint, and counsel has incurred and will incur  in costs and related expenses in furthering this action.   Plaintiff submits that he is  therefore  entitled to an award for costs and attorney's fees.

WHEREFORE, in view of the foregoing, it is respectfully requested   that  this Honorable Court may grant Judgment in favor of Plaintiff in the following manner:

a. That  Defendant Banco Popular de Puerto Rico be ordered  to reimburse the esate any and all amounts that were deducted from Plaintiff's checking account with BPPR for  payment of any of the two antecedent unsecured claims held by BPPR in this case after the filing of the bankruptcy case, and to refrain from any further collection efforts against property of the debtor and /or property of the estate;

b.  That Defendant Banco Popular de Puerto Rico be found in contempt of the Court for violating the automatic stay order in effect by operation of 11 USC §362;

c. That Plaintiff be awarded compensatory damages for an amount no less that $55,000.00, and $45,000.00 for  punitive damages, plus attorney's fees and costs.

d.  That all named defendants be held jointly and severally liable to Plaintiff  for these awards.

e.  That the Court may grant such further relief as it may be deem appropriate.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this

s/ Marilyn Valdés Ortega
MARILYN VALDES ORTEGA, ESQ.
*Attorney for Plaintiff*
U.S.D.C.#214711
P.O.Box 195596
San Juan, P.R. 00919-5596
Tel: 758-4400
E-mail: *valdeslaw@prtc.net*

| UNITED STATES BANKRUPTCY COURT THE | DISTRICT OF PR | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor ARTEMIO PEREZ NEGRON | Case Number 09-01452    JRC<br>CAP 13    SEK | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>BANCO POPULAR DE PUERTO RICO | [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>BANCO POPULAR DE PUERTO RICO<br>PO BOX 36-6818<br>SAN JUAN        PR        00936-6818<br>Telephone Number:    (787) 753-7849 | [ ] Check box if you have never received any notices from the bankruptcy court in this case.<br>[ ] Check box if the address differs from the address on the envelope sent to you by the court. | This Space is For Court Use Only |
| Last four digits of account or other number by which creditor identifies debtor:  ▓▓▓▓▓▓▓▓-0002 | Check here    [ ] replaces<br>If this claim    [ ] amends    a previously filed claim, dated: | |

**1. Basis for Claim**
- [ ] Goods sold
- [ ] Services performed
- [X] Money loaned
- [ ] Personal injury / wrongful death
- [ ] Taxes
- [ ] Other:

- [ ] Retiree benefits as defined in 11 U.S.C. § 1114 (a)
- [ ] Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

| 2. Date debt was incurred:    02/22/2007 | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.**  Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed
See reverse side for important explanations.

**Unsecured Nonpriority Claim. $  3,940.10**

- [ ] Check this box if :a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
- [ ] Check this box if your have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
- [ ] Domestic support obligations under 11 U.S.C. § 507(a)(I)(A) or (a) (1)(B).
- [ ] Wages, salaries, or commissions (up to $ 10,000), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507 (a) (5).

**Secured Claim**
- [ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
- [ ] Real Estate [ ] Motor Vehicle    [ ]    Other _____
Value of Collateral: $

Amount of arrearage and other charges at time case filed included in Secured claim, if any: $

- [ ] Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a) (7).
- [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- [ ] Other - Specify applicable paragraph of - 11 U.S.C. § 507 (a) (__).
  * Amounts are subject to adjustment on 4-1-07 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $3,940.10    $0.00    $0.00    $3,940.10

| (Unsecured) | (Secured) | (Priority) | (Total) |
|---|---|---|---|

- [ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |
|---|---|---|
| 03/10/2009 | *[signature]* | Creditor No.    504013 |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 AND 3571.

**POPULAR FINANCE.**                    Pagaré y Divulgaciones de Préstamos a Plazos

| Núm. Préstamo | Solicitud | Sucursal | Fecha |
|---|---|---|---|
| ████0002 | 20070531038510F | COROZAL · 862 | 02/22/2007 |

Deudores:
ARTEMIO PEREZ-NEGRON

Este pagaré evidencia su préstamo con Popular Finance, Inc. En el mismo, las palabras "usted", "ustedes" "su" y "Deudor" significan lo mismo y se refieren a cada persona que firme este pagaré. La palabra "Compañía" se refiere a Popular Finance, Inc. Por tal razón, usted se compromete a pagar, a la orden de la Compañía, la suma de dinero que se indica abajo como Total de Pagos, conforme el plan de pagos que más adelante se indica.

| TASA PORCENTAJE ANUAL | CARGO POR FINANCIAMIENTO | CANTIDAD FINANCIADA | TOTAL DE PAGOS |
|---|---|---|---|
| El costo de su crédito, expresado como una Tasa Anual | El costo de su crédito, expresado en dólares | Importe del crédito proporcionado a ustedes o a su nombre | Cantidad que ustedes habrán pagado después de efectuados todos los pagos estipulados |
| 28.941000 % | $ 4,595.20 (E) | $ 5,000.00 | $ 9,595.20 (E) |

(E) Cantidades estimadas considerando que los pagos se efectúan en las fechas de vencimiento indicadas.

**Desglose de la Cantidad Financiada**

| | |
|---|---|
| Cantidad Pagada a Usted $ | 3,078.37 |
| Pagos a Cuentas Suyas: | |
| POPULAR FINANCE | 1,921.63 |

Número de Pagos   Cantidad de los Pagos   Comenzando en

Plan de Pagos        60        $159.92        04/05/2007

Penalidad por pago adelantado    Si paga por adelantado no tendrá que pagar una penalidad.

Garantía    NINGUNA
Las colaterales que garantizan otros préstamos también pudieran considerarse como garantía para este préstamo.

Cargo por Demora    Por cada pago que esté en morosidad, ustedes pagarán un cargo que no excederá de $ 4.79 ó 5 % del importe del pago vencido, cualquiera que sea mayor.

Véase el Pagaré para información adicional respecto a falta de pago, violación de contrato, derecho de aceleración del vencimiento de la obligación.

| | | |
|---|---|---|
| Pagos a Seguros de Vida/ Incapacidad o Desempleo Involuntario y Desmembramiento | $ | 0.00 |
| Total del Préstamo | $ | 5,000.00 |
| CANTIDAD FINANCIADA | $ | 5,000.00 |

---

**Información sobre Seguros de Vida, Incapacidad, Desempleo Involuntario y Desmembramiento.**

**Estos seguros se ofrecen sobre una base voluntaria y el deudor no viene obligado en forma alguna a acogerse a ellos.** Los seguros no serán provistos a menos que usted lo solicite y esté de acuerdo en pagar el costo adicional de la prima, escogiendo la cubierta y firmando en el espacio señalado. El término de la cubierta del seguro será el número de pagos comenzando en la fecha del pagaré. No hay cubierta si el término del préstamo excede de 84 meses. El término máximo para el Seguro por Desempleo Involuntario será hasta 60 meses. Para detalles adicionales vea el Certificado de Seguros.

* NO DESEO SEGUROS DE PROTECCION DE CREDITO *

Firma del Deudor                                        Firma del Coasegurado

PF-811 / 2-06   (L)                                    (Continúa al dorso.)

| Núm. Préstamo | | Sucursal | Fecha |
|---|---|---|---|
| 0002 | | COROZAL - 862 | 02/22/2007 |

## Pagaré

**Por el Valor Recibido** Pagaremos solidariamente a Popular Finance, Inc. en adelante (la Compañía) o a su orden, en moneda de curso legal de los Estados Unidos, la suma indicada como Cantidad Financiada e intereses sobre la misma desde esta fecha hasta su total y completo pago, aún en caso de mora, a la Tasa de Interés según especifica.

**Jurisdicción** Nos sometemos a la jurisdicción y competencia de la sala del tribunal que el tenedor de esta obligación si se instare cualquier acción legal relacionada con esta obligación, obligándonos a pagar las costas, gastos y honorarios de abogado que ocasione tal reclamación, fijando con tal fin una suma equivalente a un diez por ciento (10%) del remanente de esta obligación, mínimo $50.00, siendo dicha suma líquida y exigible en su totalidad por el mero hecho de tal reclamación.

**Compensación** Convenimos que Popular Finance podrá, a su opción, reducir o saldar el importe vencido del principal y/o intereses de esta obligación, aplicando para este fin cualquier cantidad en depósitos en el Banco Popular, valores o créditos a nombre de los firmantes y/o de cualquiera de ellos.

**Protesto** Renunciamos a todo derecho de aviso, presentación, demanda de pago y protesto.

**Aceleración** Todos los plazos vencerán y serán exigibles, a opción de la Compañía o de sus cesionarios, sin previo aviso al deudor, si cualquier plazo no fuere satisfecho antes del vencimiento del próximo plazo mensual.

**Pago Total antes del Vencimiento** Podemos pagar el balance del préstamo en cualquier momento antes de su fecha de vencimiento, sin ninguna penalidad.

**Cantidades Estimadas** Las cantidades indicadas en el Cargo por Financiamiento y el Total de Pagos son estimadas y basadas en que los pagos se efectúen en la fecha de vencimiento. Cualquier pago por adelantado reducirá el Cargo por Financiamiento y el Total de Pagos. Cualquier pago tardío aumentará el Cargo por Financiamiento y el Total de Pagos.

**Solidaridad** Si este convenio le suscrito por más de una persona, todas las obligaciones serán solidariamente asumidas por dichas personas.

**Tasa de Interés** Los intereses se computarán diariamente sobre el balance del principal adeudado a razón de    28.950000 % de interés anual.

**Otras Condiciones** Esta obligación estará sujeta al plan de pagos, a la garantía, a los cargos por demora si un pago se efectúa más de   10 días después de la fecha de vencimiento del pago y demás términos descritos anteriormente.

**Divulgación** Autorizamos a la Compañía a divulgar a cualquier agencia de crédito la información sobre nuestras experiencias de crédito con la Compañía.

Nota : El uso del plural en este pagaré se entenderá en singular cuando sea firmado por una sola persona.

## Autorización para Pago Automático

Autorizo que el pago mensual de este préstamo se debite de mi cuenta. Esta autorización estará vigente hasta la cancelación del préstamo o cierre de la cuenta, lo que ocurra primero.

| Cuenta Núm. | Banco | Ruta y Tránsito |
|---|---|---|
| | | |

## Aviso al Codeudor

A usted se le ha pedido que sea el codeudor de esta deuda. Piénselo detenidamente antes de hacerlo. Si el deudor no paga la deuda, usted deberá pagar. Asegúrese de que puede pagarla, si debe hacerlo, y de que quiere aceptar esta responsabilidad.

Usted podrá tener que pagar hasta la cantidad completa de la deuda si el deudor no la paga. Usted también podrá tener que pagar cargos por demora o gastos de cobro, los cuales aumentan la deuda.

La Compañía puede cobrarle a usted esta deuda sin tratar primero de cobrarle al deudor. La Compañía puede usar con usted los mismos métodos de cobro que pueden utilizarse con el deudor, tales como demandarle, embargar su salario, etc. En caso de incumplimiento de esta deuda, este hecho podrá formar parte de su historial de crédito.

Copia Recibida: Enterado que la información contenida en el frente de este formulario forma parte de este Pagaré. He leído esta información y estoy de acuerdo con ella. Certifico haber recibido una copia completamente llena de este formulario de Pagaré y Divulgaciones.

| ARTEMIO PEREZ-NEGRON | | 02/22/2007 |
|---|---|---|
| Nombre del Deudor | Firma | Fecha |
| | | |
| Nombre del Deudor | Firma | Fecha |
| | | |
| Nombre del Codeudor | Firma | Fecha |
| | | |
| Nombre del Codeudor | Firma | Fecha |

El Artículo 14 de la Ley de Préstamos Personales Pequeños (Ley 106 del 28 de junio de 1965, según enmendada) dispone:

a. **Cargo Máximo** - La Junta Financiera tendrá facultad para fijar, regular, aumentar, disminuir o dejar a la libre competencia por reglamento y durante el tiempo que fuese necesario, los tipos de interés y cargos máximos permitidos por Ley. También, la Junta Financiera podrá determinar el método del cómputo de intereses.

b. **Cargo por diferimiento de los plazos** - El Concesionario podrá otorgar diferimiento de plazos sujeto a los términos y condiciones que para ello establezca el Comisionado (de Instituciones Financieras) mediante reglamento.

c. **Cargo por seguro** - A opción del prestatario, se cobrará un cargo por el costo de un seguro de crédito al consumidor, con arreglo a las disposiciones del Capítulo XVIII del Código de Seguros de Puerto Rico.

Disponiéndose que:

1. Dicho seguro podrá ser obtenido por el prestatario o por el concesionario del préstamo, con el consentimiento del prestatario.

2. En el caso de seguro de crédito al consumidor, no excederá la cantidad establecida en los Artículos 18.050 y 18.60 del Código de Seguros de Puerto Rico.

3. Ningún concesionario de préstamos podrá exigir como condición para el otorgamiento de un préstamo que:

   A. El prestatario obtenga un seguro de crédito al consumidor.

   B. Si obtenía dicho seguro, que el mismo se provea por conducto de determinada persona, agente, corredor o solicitador o con algún asegurador en particular.

4. Si el contrato de préstamo ha de incluir un renglón para seguro, éste deberá contener un aviso en forma clara, escrito en letra más oscura, el doble del tamaño de las demás letras a los efectos de que se ofrece el seguro de crédito al consumidor sobre una base voluntaria y el prestatario no viene obligado en forma alguna a asegurarse de él.

5. Se ofrecerá el seguro de crédito al consumidor únicamente luego de notificar al cliente que su préstamo personal fue aprobado por el concesionario.

6. El concesionario del préstamo no percibirá emolumento alguno del asegurador o de cualquiera de sus intermediarios, por la transacción o negociación del seguro a menos que sea por concepto de servicios administrativos para los cuales el Asegurador tendrá que obtener la previa aprobación del Comisionado de Seguros.

7. Si el contrato de préstamos ha de incluir un renglón para seguro, éste deberá contener un aviso en forma clara, escrito en letra más oscura, el doble del tamaño de las demás letras, a los efectos de que el seguro de vida de crédito y de incapacidad de crédito se ofrece en base voluntaria y el prestatario no viene obligado en forma alguna a asegurarse a él. En adición, dicho contrato deberá contener información sobre el costo de los seguros ofrecidos por el prestatario y la forma de pago de éstos.

d. **Pago por adelantado** - Un prestatario podrá pagar por adelantado la totalidad de un préstamo o uno o más plazos de éste. Si pagare el préstamo en su totalidad, mediante la entrega en efectivo, con el otorgamiento de un nuevo préstamo o el refinanciamiento del préstamo original, el concesionario no le cobrará la porción de los cargos correspondiente a los plazos no vencidos. Si se hicieran pagos parciales por adelantado, el prestatario recibirá un crédito o reembolso por la porción del cargo correspondiente a los plazos así adelantados. Los créditos o reembolsos se computarán usando aquel método que sea más beneficioso para el consumidor, conforme al reglamento que cante el Consentimiento.

e. **Otros Cargos** - Ningún concesionario concesionará, exigirá o permitirá a cualquier persona, o a su cónyuge, o a ambos conjuntamente, a obligarse bajo más de un contrato de préstamo al mismo tiempo, o a desglosar o dividir cualquier préstamo o préstamos con el propósito o con el resultado de obtener cargos mayores. No se cargará, ni se contratará o recibirá del prestatario, directa o indirectamente, ninguna cantidad o cargo que no sea autorizado por la Junta (Financiera) por medio de reglamento.

| UNITED STATES BANKRUPTCY COURT THE | DISTRICT OF PR | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor ARTEMIO PEREZ NEGRON | Case Number 09-01452     JRC |
|---|---|
| | CAP 13     SEK |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>BANCO POPULAR DE PUERTO RICO<br><br>Name and address where notices should be sent:<br>BANCO POPULAR DE PUERTO RICO<br>PO BOX 36-6818<br>SAN JUAN     PR     00936-6818<br>Telephone Number:     (787) 753-7849 | [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>[ ] Check box if you have never received any notices from the bankruptcy court in this case.<br><br>[ ] Check box if the address differs from the address on the envelope sent to you by the court. | This Space is For Court Use Only |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: ~~XXXXXXX~~5-0102 | Check here     [ ] replaces<br>If this claim     [ ] amends     a previously filed claim, dated: |
|---|---|

**1. Basis for Claim**
- [ ] Goods sold
- [ ] Services performed
- [X] Money loaned
- [ ] Personal injury / wrongful death
- [ ] Taxes
- [ ] Other:

- [ ] Retiree benefits as defined in 11 U.S.C. § 1114 (a)
- [ ] Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #
  Unpaid compensation for services performed
  from _____ to _____
  (date)     (date)

| **2. Date debt was incurred:** 11/29/2006 | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.**   Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim. S** ___1,236.81___

[ ] Check this box if :a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

[ ] Check this box if your have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:

- [ ] Domestic support obligations under 11 U.S.C. § 507(a)(l)(A) or (a) (1)(B).
- [ ] Wages, salaries, or commissions (up to $ 10,000), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507 (a) (5).

**Secured Claim**

[ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
[ ] Real Estate  [ ] Motor Vehicle     [ ] Other _____
Value of Collateral: $

Amount of arrearage and other charges at time case filed included in Secured claim, if any: $

- [ ] Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a) (7).
- [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- [ ] Other - Specify applicable paragraph of - 11 U.S.C. § 507 (a) (__).
  * Amounts are subject to adjustment on 4-1-07 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $1,236.81 | $0.00 | $0.00 | $1,236.81 |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | (Total) |

[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:**   *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.   DO NOT SEND ORIGINAL DOCUMENTS.   If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:**   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 03/10/2009 | *[signature]*     Creditor No.   504013 |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 and 3571.

 **BANCO POPULAR**®                     Pagaré y Divulgaciones de Préstamos a Plazos

| Núm. Préstamo | Solicitud | Sucursal | Fecha |
|---|---|---|---|
| -0102 | 20063331051100 | COROZAL-054 | 11/29/2006 |

Deudores:
**ARTEMIO PEREZ-NEGRON**

Este pagaré evidencia su préstamo con Banco Popular de Puerto Rico. En el mismo, las palabras "usted", "ustedes", "su" y "Deudor" significan lo mismo y se refieren a cada persona que firme este pagaré. La palabra "Banco" se refiere a Banco Popular de Puerto Rico. Por tal razón, usted se compromete a pagar, a la orden del Banco, la suma de dinero que se indica abajo como cantidad de préstamo, conforme al plan de pagos que más adelante se indica.

| TASA PORCENTAJE ANUAL El costo de su crédito, expresado como una Tasa Anual | CARGO POR FINANCIAMIENTO El costo de su crédito, expresado en dólares | CANTIDAD FINANCIADA Importe del crédito proporcionado a ustedes o a su nombre | TOTAL DE PAGOS Cantidad que ustedes habrán pagado después de efectuados todos los pagos estipulados |
|---|---|---|---|
| 19.449000 % | $ 1,190.42 (E) | $ 3,592.54 | $ 4,782.96 (E) |

(E) Cantidades estimadas considerando que los pagos se efectúen en las fechas de vencimiento indicadas.

**Desglose de la Cantidad Financiada**

| | | |
|---|---|---|
| Cantidad Pagada a Usted $ | | 2,045.76 |
| Pagos a Cuentas Suyas: | | |
| BANCO POPULAR | | 1,454.24 |

| | Número de Pagos | Cantidad de los Pagos | Comenzando en |
|---|---|---|---|
| Plan de Pagos | 36 | $132.86 | 01/04/2007 |

**Garantía**   NINGUNO
Las colaterales que garantizan otros préstamos también pudieran considerarse como garantía para este préstamo.

La Tasa de Porcentaje Anual divulgada no toma en consideración el depósito requerido.

**Cargo por Demora**   Por cada pago que esté en morosidad, ustedes pagarán un cargo que no excederá de $ 6.64 ó 5% del importe del pago vencido, cualquiera que sea menor.

**Cancelación por Anticipado**   Ustedes tendrán que pagar una indemnización de 1 % del balance adeudado a la fecha del pago.

Véase el Pagaré para información adicional respecto a falta de pago, violación de contrato, derecho de aceleración del vencimiento de la obligación, reembolso por pago anticipado y penalidad por prepago.

| | | |
|---|---|---|
| Cargos por Financiamiento y Descuentos PR $ | | 0.00 |
| Pagos a Seguros de Vida/ Incapacidad o Desempleo Involuntario $ | | 92.54 |
| Total del Préstamo $ | | 3,592.54 |
| Menos Cargos por Financiamiento Prepagados $ | | 0.00 |
| CANTIDAD FINANCIADA $ | | 3,592.54 |

---

**Información sobre Seguros de Vida, Incapacidad y Desempleo Involuntario**

*Seguro de Vida Individual o Mancomunado, Seguro de Incapacidad, Seguro por Desempleo Involuntario* no se requieren para la aprobación de este préstamo y no serán provistos a menos que ustedes lo soliciten y estén de acuerdo en pagar el costo adicional de la prima, escogiendo la cubierta y firmando en el espacio señalado. El término de la cubierta del seguro será el número de pagos comenzando en la fecha del pagaré. No hay cubierta si el término del préstamo excede de 120 meses. El término máximo para el *Seguro por Desempleo Involuntario* será hasta 60 meses. Para detalles adicionales vea el *Certificado de Seguro.*

| | | |
|---|---|---|
| SEGURO DE VIDA INDIVIDUAL | $92.54 | |
| SEGURO DE INCAPACIDAD Y EXCLUSION | N/A | |
| SEGURO DESEMPLEO INVOLUNTARIO | N/A | |
| | TOTAL | $92.54 |

_____
Firma del Deudor

_____
Firma del Coasegurado

GEN-681 / 05-03   (L)                                                    (Continúa al dorso.)

| Núm. Préstamo | Sucursal | Fecha |
|---|---|---|
| ████████-0102 | COROZAL-054 | 11/29/2006 |

## Pagaré

**Por el Valor Recibido**
Pagaremos solidariamente al Banco o a su orden, en moneda de curso legal de los Estados Unidos, la suma indicada como Cantidad Financiada e intereses sobre la misma desde esta fecha hasta su total y completo pago, aun en caso de mora, a la Tasa de Interés abajo indicada.

**Jurisdicción**
Nos sometemos a la jurisdicción y competencia de la sala del tribunal que elija el tenedor de esta obligación si se instare cualquier acción legal relacionada con esta obligación, obligándonos a pagar las costas, gastos y honorarios de abogado que ocasione tal reclamación, fijando con tal fin una suma equivalente a un diez por ciento (10%) del montante de esta obligación, mínimo $50.00, siendo dicha suma líquida y exigible en su totalidad por el mero hecho de tal reclamación.

**Compensación**
Convenimos que el Banco podrá, a su opción, reducir o saldar el importe vencido del principal de esta obligación, aplicando para este fin cualquier cantidad en depósitos en el Banco, valores o créditos a nombre de los firmantes y de cualquiera de ellos.

**Protesto**
Renunciamos a todo derecho de aviso, presentación, demanda de pago y protesto.

**Aceleración**
Todos los plazos vencerán y serán exigibles, a opción del Banco o de sus cesionarios, sin previo aviso al deudor, si cualquier plazo no fuera satisfecho antes del vencimiento del próximo plazo mensual.

**Pago Total antes del Vencimiento**
Podemos cancelar el balance del préstamo en cualquier momento antes de su fecha de vencimiento con el pago de una indemnización de 1% del balance adeudado a la fecha de pago.

**Cantidades Estimadas**
Las cantidades indicadas en el Cargo por Financiamiento y el Total de Pagos son estimadas y basadas en que los pagos se efectúen en la fecha de vencimiento. Cualquier pago antes de tiempo reducirá el Cargo por Financiamiento y el Total de Pagos. Cualquier pago tardío aumentará el Cargo por Financiamiento y el Total de Pagos.

**Solidaridad**
Si este convenio es suscrito por más de una persona, todas las obligaciones serán solidariamente asumidas por dichas personas.

**Tasa de Interés**
Los intereses se computarán diariamente sobre el balance del principal adeudado a razón de 19.450000 % de interés anual.

**Otras Condiciones**
Esta obligación estará sujeta al plan de pagos, a la garantía, a los cargos por demora si un pago se efectúa más de 15 días después de la fecha de vencimiento del pago y demás términos descritos anteriormente.

**Divulgación**
Autorizamos a Bbanco Popular de Puerto Rico, a divulgar a cualquier agencia de crédito la información de nuestras experiencias de crédito con el Banco.

Nota : El uso del plural en este pagaré se entenderá en singular cuando sea firmado por una sola persona.

## Autorización para Pago Automático

Autorizo que el pago mensual de este préstamo se debite de mi cuenta. Esta autorización estará vigente hasta la cancelación del préstamo o cierre de la cuenta, lo que ocurra primero.

Cuenta Núm. 454068678    Banco BANCO POPULAR PR    Ruta y Tránsito 021502011

## Aviso al Codeudor

A usted se le ha pedido que sea el codeudor de esta deuda. Piénselo detenidamente antes de hacerlo. Si el deudor no paga la deuda, usted deberá pagar. Asegúrese de que puede pagarla, si debe hacerlo, y de que quiere aceptar esta responsabilidad.

Usted podrá tener que pagar hasta la cantidad completa de la deuda si el deudor no la paga. Usted también podrá tener que pagar cargos por demora o gastos de cobro, los cuales aumentan la deuda.

El Banco puede cobrarle a usted esta deuda sin tratar primero de cobrarla del deudor. El Banco puede usar con usted los mismos métodos de cobro que pueden utilizarse con el deudor, tales como demandarle, embargar su salario, etc. En caso de incumplimiento de esta deuda, este hecho podría formar parte de su historial de crédito.

Copia Recibida: Entiendo que la información contenida en el frente de este formulario forma parte de este Pagaré. He leído esta información y estoy de acuerdo con ella. Certifico haber recibido una copia completamente llena de este formulario de Pagaré y Divulgaciones.

| ARTEMIO PEREZ-NEGRON | _(firma)_ | 11/29/2006 |
|---|---|---|
| Nombre del Deudor | Firma | Fecha |

| | | |
|---|---|---|
| Nombre del Deudor | Firma | Fecha |

| | | |
|---|---|---|
| Nombre del Codeudor | Firma | Fecha |

| | | |
|---|---|---|
| Nombre del Codeudor | Firma | Fecha |

(Ver el frente para información importante.)

## AVISO

*#Cta 1400011300572 0002*
*Tele Banco Popular*

MARIA DEL C ROSADO-SANTIAGO
Y/O ARTEMIO PEREZ-NEGRON
HC 2 BOX 10440
COROZAL PR  00783-9713

Estimado Cliente:

Hemos efectuado el siguiente ajuste a su cuenta número  454068678 :

| _____ Crédito   _X_ Débito | Fecha del Ajuste:<br>03-03-09 | Cantidad del Ajuste:<br>397.00 |
|---|---|---|
| La razón es:  PAGO DE PRESTAMO EN ATRASO | | |

Número de Referencia .        .     Número de Préstamo / Cuenta Relacionada:

## AVISO

MARIA DEL C ROSADO-SANTIAGO
Y/O ARTEMIO PEREZ-NEGRON
HC 2 BOX 10440
COROZAL PR  00783-9713

Estimado Cliente:

Hemos efectuado el siguiente ajuste a su cuenta número  454068678 :

| _____ Crédito   _X_ Débito | Fecha del Ajuste:<br>25-02-09 | Cantidad del Ajuste:<br>98.00 |
|---|---|---|
| La razón es:  PAGO DE PRESTAMO EN ATRASO | | |

REBECCA OYOLA
CONSULTOR BANCARIO
SUCURSAL COROZAL

 **BANCO POPULAR** ®

PO Box 362708
San Juan, PR 00936-2708
T. 787-724-3650; 1-888-724-3650
T. 787-785-8200 x. 1364, 1373
F. 787-859-4662

**MILAGROS PEREZ**
SECRETARIA
SUCURSAL COROZAL

 **BANCO POPULAR** ®

PO Box 362708
San Juan, PR 00936-2708
T. 787-724-3650; 1-888-724-3650
T. 787-785-8200 x. 1364, 1373
F. 787-859-4662

## AVISO

MARIA DEL C ROSADO-SANTIAGO
Y/O ARTEMIO PEREZ-NEGRON
HC 2 BOX 10440
COROZAL PR  00783-9713

*#Cta 1400011300572 0002*
*Tele Banco Popular*

Estimado Cliente:

Hemos efectuado el siguiente ajuste a su cuenta número  454068678 :

| _____ Crédito     __X__ Débito | Fecha del Ajuste: 03-03-09 | Cantidad del Ajuste: 397.00 |
|---|---|---|
| La razón es: PAGO DE PRESTAMO EN ATRASO | | |
| Número de Referencia | Número de Préstamo o Cuenta Relacionada | |

## AVISO

MARIA DEL C ROSADO-SANTIAGO
Y/O ARTEMIO PEREZ-NEGRON
HC 2 BOX 10440
COROZAL PR  00783-9713

Estimado Cliente:

Hemos efectuado el siguiente ajuste a su cuenta número  454068678 :

| _____ Crédito     __X__ Débito | Fecha del Ajuste: 25-02-09 | Cantidad del Ajuste: 98.00 |
|---|---|---|
| La razón es: PAGO DE PRESTAMO EN ATRASO | | |
| Número de Referencia | Número de Préstamo o Cuenta Relacionada | |

REBECCA OYOLA
CONSULTOR BANCARIO
SUCURSAL COROZAL

 **BANCO POPULAR** ®

PO Box 362708
San Juan, PR 00936-2708
T. 787-724-3650; 1-888-724-3650
T. 787-785-8200 x. 1364, 1373
F. 787-859-4662

# District of Puerto Rico
# Claims Register

## 09-01451-ESL13 JUAN RAMON PEREZ ORTIZ

**Bankruptcy Judge:** ENRIQUE S. LAMOUTTE INCLAN     **Chapter:** 13
**Office:** Old San Juan     **Last Date to file claims:** 07/07/2009
**Trustee:** ALEJANDRO OLIVERAS RIVERA     **Last Date to file (Govt):** 08/26/2009

| Creditor: (2721253) BANCO POPULAR DE PUERTO RICO BANKRUPTCY DEPARTMENT PO BOX 366818 SAN JUAN PR 00936-6818 | Claim No: 1 Original Filed Date: 03/11/2009 Original Entered Date: 03/11/2009 | Status: Filed by: CR Entered by: CORREA CRUZ, IRIS Modified: |
|---|---|---|

Unsecured claimed: $7383.70

**Total claimed: $7383.70**

History:
Details   1-1   03/11/2009 Claim #1 filed by BANCO POPULAR DE PUERTO RICO, total amount claimed: $7383.7 (CORREA CRUZ, IRIS )

Description: (1-1) VISA 6204

Remarks:

| Creditor: (2714626) History COOP DE A/C ABRAHAM ROSA HC 01 BOX 9087 TOA BAJA, PR 00949-9715 | Claim No: 2 Original Filed Date: 03/24/2009 Original Entered Date: 03/24/2009 | Status: Filed by: CR Entered by: QUILICHINI PAZ, CARLOS Modified: |
|---|---|---|

Unsecured claimed: $3565.73

Secured claimed: $523.67

**Total claimed: $4089.40**

History:
Details   2-1   03/24/2009 Claim #2 filed by COOP DE A/C ABRAHAM ROSA, total amount claimed: $4089.4 (QUILICHINI PAZ, CARLOS )

Description:

Remarks:

| Creditor: (2745484) CRIM PO BOX 195387 SAN JUAN PR 00919-5387 | Claim No: 3 Original Filed Date: 04/16/2009 Original Entered Date: 04/16/2009 | Status: Filed by: CR Entered by: DAVILA, ANA Modified: |
|---|---|---|

Secured claimed: $515.80

**Total claimed: $515.80**

| | |
|---|---|
| *History:* | |
| Details   3-1   04/16/2009 Claim #3 filed by CRIM, total amount claimed: $515.8 (DAVILA, ANA ) | |
| *Description:* (3-1) REAL PROPERTY TAXES | |
| *Remarks:* | |

### Claims Register Summary

**Case Name:** JUAN RAMON PEREZ ORTIZ
**Case Number:** 09-01451-ESL13
**Chapter:** 13
**Date Filed:** 02/27/2009
**Total Number Of Claims:** 3

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $10949.43 | |
| **Secured** | $1039.47 | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | **$11988.90** | **$0.00** |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/20/2009 18:31:56 | | | |
| **PACER Login:** | sl0074 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 09-01451-ESL13 Filed or Entered From: 1/1/1990 Filed or Entered To: 12/31/2009 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**BANCO POPULAR**

DIVISION DE SERVICIOS DE CREDITO AL CONSUMIDOR
CONSUMER CREDIT SERVICES DIVISION
PO BOX 71375
SAN JUAN, PR 00936-7077

+ 228763 0010754 5Z4SI 057556

ARTEMIO PEREZ-NEGRON
HC 5 BOX 10440
COROZAL PR 00783-9527

1L  12
194

Libreta de Pagos /
Payment Book

| NUM. DE PAGO PAYMENT NO. | NUM. DE CUENTA ACCOUNT NO. | | VENCE EN - DUE ON MES-MO. DIA-DAY AÑO-YEAR | PAGO MENSUAL MONTHLY PAYMENT |
|---|---|---|---|---|
| 25 | 140-001-1300572-0002 | | ABR 05 - 09 | $159.92 |

| CARGO POR DEMORA LATE CHARGE | DESPUES DE ESTA FECHA AFTER THIS DATE | PAGUE ESTA CANTIDAD PAY THIS AMOUNT | |
|---|---|---|---|
| $4.79 | ABR 15 - 09 | $164.71 | |

Evite este cargo pague a tiempo
Avoid this charge pay promptly

⇧ Despues de esta fecha su cuenta estará en atraso y se podria afectar su historial de crédito. After this date your account will be past due and your credit could be affected.

Cantidad remitida / Amount Enclosed

$

ARTEMIO PEREZ-NEGRON

**BANCO POPULAR**

**DIVISION DE SERVICIOS DE CREDITO AL CONSUMIDOR**
**CONSUMER CREDIT SERVICES DIVISION**
**PO BOX 71375**
**SAN JUAN, PR 00936-7077**

00015992 140 001 1300572 0002

NUM. DE CUENTA - ACCOUNT NUMBER
140-001-1300572-0002

VENCE EN - DUE ON
ABR 05 - 09

NUM. DE PAGO PAYMENT NO.
25

Recuerde que cualquier pago antes de la fecha de su vencimiento reducirá el **cargo por financiamiento** y el **total de pagos**. Así mismo, cualquier pago posterior a la fecha de vencimiento aumentará el **cargo por financiamiento** y el **total de pagos**.

*Remember that any payment made prior to the due date will reduce the **finance charge** and **total paid amounts**. Likewise, any payment made after its due date will increase the **finance charge** and **total paid amounts**.*