IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter Of:<br><br>ARTEMIO PEREZ NEGRON<br><br>Debtor<br><br>ARTEMIO PEREZ NEGRON<br>Plaintiff<br><br>v.<br><br>BANCO POPULAR DE PR<br>Defendant | Case No. 09-01452 (SEK)<br>Adv. No. 09-00194 (SEK)<br><br><br>VIOLATION OF<br>AUTOMATIC STAY |

**MOTION FOR PARTIAL JUDGMENT AND REQUEST THAT PRE-TRIAL HEARING BE CONVERTED TO STATUS CONFERENCE**

TO THE HONORABLE COURT:

COMES NOW Defendant Banco Popular de Puerto Rico (hereinafter referred to as **"BPPR"**) represented by the undersigned attorney, and respectfully STATES and PRAYS as follows:

1. On September 4, 2009 debtors filed a complaint against BPPR for willful violation of the automatic stay.

2. On November 13, 2009 BPPR answered the complaint admitting the following facts:

    a. The debtor filed a Chapter 13 Bankruptcy Proceeding on February 27, 2009.

    b. Debtor listed BPPR as a holder of an unsecured claim against the estate in the amount of $1,353.39 under account number XXXXX-8223.

    c. Debtor also listed Popular Finance in Schedule F as the holder of an unsecured claim in the amount of $4,335.35. Nevertheless, an account number for this loan was not included in Schedule F.

    d. On March 4, 2009 the Clerk of the Court served a copy to BPPR of the Notice of the Chapter 13 Case filed by debtor on February 27, 2009.

    e. A debit to debtor's checking account was made in the amount of $397.00 on March 3, 2009 for payment of the Popular Finance loan.

    f. On March 3, 2009 a payment book for the Popular Finance loan was sent automatically to debtor since these are sent on a yearly basis and the same was due.

3. BPPR will accept a partial judgment declaring that BPPR incurred in a violation of the automatic stay by operation of 11 USC §362.

4. Nevertheless, we will maintain that BPPR's actions were not intentional or deliberate, as required by the Bankruptcy Code under the "willful" standard for the imposition of actual damages.

5. Also, BPPR's actions were not malicious, egregious or in bad faith, as required by the Bankruptcy code for the imposition of punitive damages.

6. Therefore, we request that a pre-trial and evidentiary hearing on damages be set after the discovery period has elapsed.

7. In the instant case, a Pre-Trial has been scheduled for January 21, 2010. We are in the process of evaluating necessary discovery as to the hearing on damages.

8. In view of the above, it is more appropriate if the Pre-Trial is converted into a Status Conference where all necessary agreements relating to the prosecution of this case are coordinated.

**WHEREFORE**, BPPR respectfully requests this Honorable Court to enter a partial judgment granting in part that BPPR incurred in a violation of the stay as per 11 USC §362 and that the pre-trial hearing to be held on January 21, 2010 be converted to a Status Conference.

**RESPECTFULLY SUBMITTED.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants and which notification, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent of service.

In San Juan, Puerto Rico, this 10th day of December, 2009.

S/ VERONICA DURAN CASTILLO
USDC- PR 224413
Attorney for Banco Popular de Puerto Rico
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849
Fax. (787) 751-7827
vduran@bppr.com