**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>ARTEMIO PEREZ NEGRON,<br><br>Debtor.<br><br>ARTEMIO PEREZ NEGRON<br><br>Plaintiff,<br><br>vs.<br><br>BANCO POPULAR DE PUERTO RICO;<br>POPULAR FINANCE, INC.; *et als.*<br><br>Defendants.<br><br>JOSE R. CARRION MORALES,<br>Trustee. | 09-01452(MCF)<br><br>Ch. 13<br><br>**ADV. NO: 09-00194(MCF)** |

## SETTLEMENT STIPULATION AND RELEASE OF CLAIMS

**THIS SETTLEMENT AND RELEASE OF CLAIMS**, is made and entered into by and between defendants **BANCO POPULAR** and **POOPULAR FINANCE, INC.** (together hereinafter referred to as "Popular"), and plaintiff **ARTEMIO PEREZ NEGRON** (from hereon referred to as "Pérez"). Popular and Pérez shall hereinafter be referred to collectively as "the PARTIES," after due notice to the Chapter 13 Trustee, **JOSE R. CARRION,** who reviewed and consented to the terms herein, as evidenced by his signature below.

## WITNESSETH

**WHEREAS**, Pérez has made various claims against Popular based on alleged willful violations of the bankruptcy stay pertaining to Bankruptcy Case No. 09-01452(SEK) and has alleged to have suffered damages and Popular has disputed Pérez' claims;

**WHEREAS**, based on such allegations, Pérez has filed a civil action before the United States Bankruptcy Court for the District

of Puerto Rico for damages styled <u>Artemio Pérez Negrón v. Banco Popular *et als.*</u>, ADV. PROC. NO. 09-00194(SEK)(the "Civil Action").

**WHEREAS**, the PARTIES desire to settle and compromise any and all disputes, controversies, claims, and actions between them related to the facts alleged in the above captioned adversary proceeding, on the terms and conditions herein provided.

**NOW**, THEREFORE, in consideration of the promises, covenants, and agreements contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, the PARTIES agree as follows:

1. On this date the PARTIES consent to and hereby agree to settle any and all past and present claims among the PARTIES related to the facts alleged in the above-captioned judicial proceeding.

2. In consideration of the settlement of any and all past and present claims, the PARTIES agree that within fifteen (15) days of receipt of a copy of this Settlement and Release of Claims executed by Pérez, Popular shall pay Pérez the sum of twelve thousand five hundred dollars and no cents (**$12,500.00**)(the "Settlement Amount"), in full settlement of all disputes, controversies, claims, and actions between and among the PARTIES; the Settlement Amount is composed of a damages portion of $1,500.00, duly agreed to, and accepted by the Plaintiff/Debtor Pérez, and the amount of **$11,000.00** for plaintiff's attorney's fees (which actually accrued to over $21,000.00).

3. Popular shall make the payment of the Settlement Amount by delivering a check in the amount of $12,000.00 made to "Artemio Pérez Negrón" and "Marilyn Valdés Ortega," and a check of $500.00 to "Trustee José R. Carrión," to the office of Marilyn Valdés.

Thereafter, once Popular delivers the aforementioned checks, Pérez acknowledges that Popular shall have no responsibility or liability with respect to the handling or distribution of the settlement funds, subject to the Court's approval of this settlement and release.

4. In consideration for Popular's obligations under this agreement, as set forth above, Pérez releases and waives any and all claims against Popular, and forever discharges Popular, from any and all liability, for any and all claims or damages of any kind, that it may now have or may have accrued against it or any of said persons or entities, including but not limited to any claim arising under any federal, state or local law or ordinance, any tort, any breach of contract, or violation of any rules or regulations of any self-regulatory organization or exchange, any public policy, or attorneys' fees whatsoever. It is the PARTIES' intent that this Agreement shall apply to all claims, whether known, unknown or unanticipated *in relation with the facts alleged in the Civil Action.* Furthermore, this general release shall remain in effect as a full and complete release, notwithstanding the existence or subsequent discovery of any presently-unknown, different or additional facts or claims. It is expressly understood that this general release fully and completely binds Pérez and Popular.

5. This settlement and release shall also release Popular's parent, affiliates, subsidiaries, predecessors, successors and any of its current and former partners, officers, agents or employees from any potential liability, as to the facts alleged in the complaint.

6. Nothing herein stipulated shall be interpreted as an admission of responsibility or any wrongdoing by Popular or its parent, any affiliates, subsidiaries, predecessors, and any of its present or former partners, directors, officers, agents, attorneys, representatives, employees, servants, successors, affiliates, divisions, subdivisions, assigns and insurance carriers.

7. Pérez assures and guarantees that he has not transferred or assigned any right, cause of action or claim that she may have against Popular, its parent, affiliates, subsidiaries, predecessors, successors or any of their present or former partners, officers, agents employees, servants, assigns, and insurance carriers, and that she is the only person or entity with a right to raise or assert the claims being settled herein and that this Settlement and Release of Claims is and forever shall be fully effective according to its terms. Popular understands that the debtor is under the jurisdiction of the Bankruptcy Court and that this representation could be affected by the application of bankruptcy law to this settlement agreement.

8. Pérez is entering into this Settlement and Release of Claims freely, knowingly and voluntarily, under the advice of counsel of his choice and with a full understanding of its terms. This Settlement Agreement and Release of Claims may not be changed or altered, except by a writing signed by Pérez and Popular, and it is subject to the Bankruptcy Court's approval.

9. The PARTIES warrant that they are not subject to any statute or contractual obligation which may make unlawful the

execution of this Settlement Stipulation and Release of Claims, except that that the debtor is under the jurisdiction of the Bankruptcy Court and that this representation could be affected by the application of bankruptcy law to this settlement agreement.

10. This Settlement Agreement and Release of Claims reflects the total agreement between the PARTIES and any statement, promise or representation given by any of the parties which is not included herein shall be null and void.

11. This Settlement Stipulation shall be broadly construed to effectuate its intended purpose of finally settling and resolving all of the claims included in the matter of <u>Artemio Pérez Negrón v. Popular</u>, Adv. Proc. No. 09-00194(SEK), in regard to any claims of wrongdoing heretofore existing or potentially existing between the parties regarding the same facts, or regarding the same previous contractual relationship.

12. This Settlement Stipulation and Release of Claims shall be interpreted for all purposes consistent with the laws of Puerto Rico. If any clause of this Settlement Stipulation and Release of Claims should ever be determined to be unenforceable, it is agreed that this will not affect the enforceability of any other clause or the remainder of this Settlement and Release of Claims.

**Dated:** 7th day of September, 2011.

**NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST**

YOU are hereby notified that Plaintiff-Debtor and Banco Popular de Puerto Rico have filed this request for approval of the Settlement Agreement herein described regarding Plaintiff-

Debtors' complaint in Adv. No. 09-00194 (MCF). If no written objection is filed and served upon counsel for Plaintiff-Debtor and counsels for Defendant (at their respective addresses listed below) within **twenty-one (21) days** from today's date, the Court may approve the Settlement Agreement without further need for notice or a hearing. If a timely objection is filed, the Court may schedule a hearing to consider the same.

**CERTIFICATE OF SERVICE:** The parties hereby certify that a copy of this motion has been filed through the CM/ECF system, which will notify the United States Trustee and all CM/ECF system's appearing participants.

In San Juan, Puerto Rico, this 7th day of September, 2011.

**s/ Carlos C. Alsina-Batista**
Carlos C. Alsina-Batista
USDC-PR NO. 222801
**Carlos Alsina Batista Law Offices, P.S.C.**
638 Aldebaran St.
BDE Bldng., 2nd Floor, Suite HQ-7
San Juan, Puerto Rico 00920
Tel. 787-781-1882/Fax. 787-793-6733
Email: *calsina@prquiebra.com*

**s/Marilyn Valdés Ortega**
MARILYN VALDES ORTEGA, ESQ.
U.S.D.C.#214711
P.O.Box 195596
San Juan, P.R. 00919-5596
Tel: 758-4400
E-mail: *valdeslaw@prtc.net*
**Attorneys for Plaintiff Artemio Pérez Negrón**

Dated: 7th day of September, 2011.

**s/ Yasmin R. Vázquez Vázquez**
Yasmin R. Vázquez Vázquez
U.S.D.C. 217603
**Attorney for Defendants Banco Popular de Puerto Rico
and Popular Finance, Inc.**

Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849 Fax: (787) 751-7827
E-mail: yavazquez@bppr.com

**s/ JULIEL PEREZ MENDEZ**
Julie Pérez Méndez – Staff Attorney
**JOSE CARRION MORALES, CHAPTER 13 TRUSTEE**
POX BOX 9023884
SAN JUAN,, PR 00902-3884
787-977-3535